BENJAMIN P. CLOWARD, ESQ.
Nevada Bar No. 11087
SAMANTHA A. MARTIN, ESQ.
Nevada Bar No. 12998
**RICHARD HARRIS LAW FIRM**
801 s. 4th Street
Las Vegas, NV 89101
Telephone: (702) 444-4293
Facsimile: (702) 444-4455
SMartin@Richardharrislaw.com

## UNITED STATES DISTRICT COURT

## DISTRIC OF NEVADA

| | |
|---|---|
| JAMES BLANCH, individually; ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | CASE NO.: 2:22-cv-00599-JCM-NJK |
| ) | |
| ALBERTSON'S LLC, a Foreign Limited-Liability ) | **STIPULATION AND ORDER TO** |
| Company; ALBERTSON'S COMPANIES, INC., a) | **EXTEND DISCOVERY** |
| Foreign Corporation, DOE EMPLOYEE, DOE) | **DEADLINES (FIRST REQUEST)** |
| DEFENDANT 1 – 10, inclusive; ROE) | |
| CORPORATION 1 – 10 inclusive; ) | |
| ) | |
| Defendants. | |

**IT IS HEREBY STIPULATED** by and between the parties that discovery shall be extended sixty (60) days until **November 22, 2022**.

In order to fully litigate all the claims and defenses in this matter, the parties anticipate taking several depositions of percipient witnesses, corporate designees and experts; however, given the schedules of said witnesses and experts, the parties have encountered difficulty scheduling the same ad arranging for experts to author their reports. The sixty (60) day extension of time will ensure that the parties have ample time to conduct any and all discovery necessary for this matter. As such, the parties agree that an additional **sixty (60) days** are needed to disclose experts, complete party and witness depositions and complete discovery.

///

**I.     Discovery Completed to Date**

1. A Joint Discovery Plan and Scheduling Order (ECF No. 9) was filed on May 16, 2022.
2. Plaintiff served their Initial FRCP Disclosures on May 5, 2022.
3. Defendant served their Initial FRCP Disclosures on May 20, 2022.
4. Plaintiff served Interrogatories, Request for Production of Documents and Request for Admission to Defendant on June 2, 2022.

**II.    Description of Additional Proposed Discovery**

The parties discussed what additional discovery needs to be completed in this matter. It was determined that, in order to fully litigate and investigate all alleged claims and defenses, the parties need to engage in the following:

1. Depositions of parties and witnesses including, but not limited to, Plainitff, his wife, the store manager, store security officer, FRCP 30(b)(6) witness, Plaintiff's treating physicians and any experts disclosed.
2. Additional disclosure of documents and written discovery including gathering and disclosing all of Plaintiff's medical records.
3. Retention of experts.
4. Disclosure of all experts and their reports as well as depositions of the same.

**Proposed Schedule for Completing All Remaining Discovery**

The parties wish to extend the dates for discovery as follows:

|  | **Current Dates** | **Proposed Dates** |
|---|---|---|
| Last day to amend pleadings or add parties | June 24, 2022 ~~July 25, 2022~~ | July 25, 2022 ~~August 24, 2022~~ |
| Last day to serve initial expert disclosures | July 25, 2022 | August 24, 2022 |
| Last day to serve rebuttal expert disclosures | August 24, 2022 | September 23, 2022 |
| Last day to complete discovery | September 23, 2022 | November 22, 2022 |
| Last day to file dispositive motions | October 24, 2022 | December 22, 2022 |

### III. Reasons Why Good Cause Exists to Extend Expert Discovery Deadlines

FRCP 16(b)(5) provides that the scheduling order "shall not be modified" except upon a showing of good cause. The purpose of this rule is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and pleadings will be fixed." *Nutton v. Sunset Station, Inc.*, Nev. Adv. Rep. 34, 357 P.3d 966, 971 (Nev. App. 2015). Good cause is established by showing that the current deadline cannot be met despite the requesting party's diligence in attempting to meet said deadline. Diligence in attempting to meet a deadline may be determined by considering the explanation for the untimely conduct; the importance of the requested untimely action; the potential prejudice in allowing the untimely conduct; and the availability of a continuance to cure such prejudice. *Id.* at 971-72.

As outlined above, the parties are not asking for this extension to delay these proceedings. Instead, the parties request this extension so that they may complete the necessary discovery to fully litigate all claims and defenses in this matter. As it stands right now, the expert disclosure deadline is July 25, 2022. Plaintiff has retained Dr. William Muir, MD as his retained expert. Dr. William Muir is in Europe and out of the country until July 17, 2022, and has indicated that he will be unable to review Plaintiff's medical records and author a report by July 25, 2022. Furthermore, Plaintiff just recently completed treating for the injuries he sustained as a result of this incident and his counsel is diligently working to obtain a complete set of medical records to provide to Dr. William Muir, MD. and defense counsel. Additionally, as Plaintiff is a candidate for repeat injection therapy in his neck and lower back, Defendant wishes for him to undergo an evaluation with their own expert. However, it has been difficult to schedule said examination during the summertime as numerous experts are on vacation and unavailable to conduct said exam. The parties have been working to schedule depositions of numerous individuals including the plaintiff, his wife, the store manager, the store security officer and other percipient witnesses but have had difficulty arranging the same due to the vacation schedule of counsel and several witnesses. Instead of asking for a thirty day (30) extension to complete the requested discovery and allow for retention of experts, the parties are requesting a sixty-day (60) extension in an abundance of caution to ensure that they can complete the necessary discovery. The requested

extension of time for completion of discovery will allow the parties and their counsel to fully litigate this matter.

Date: __June 17, 2022__                      Date: __June 17, 2022__
**RICHARD HARRIS LAW FIRM**              **BACKUS, CARRANZA & BURDEN**

/s/ Samantha A. Martin                   /s/ Jack P. Burden
_____          _____
SAMANTHA A. MARTIN, ESQ.                 Jack P. Burden, Esq.
Nevada Bar No. 12998                     Nevada Bar No.
801 South Fourth Street                  Backus, Carranza & Burden
Las Vegas, Nevada 89101                  3050 South Durango Drive
*Attorneys for Plaintiffs*               Las Vegas, Nevada 89117
                                         *Attorneys for Defendant*
                                         *Tropicana DE, LLC*

**ORDER**

IT IS SO ORDERED.

DATED this 17th day of June, 2022.

_____
United States Magistrate Judge

4